MAY TERM, 1881, No. 149.                    MAY 31ST, 1881.

## Good *versus* Calvert.

1. In a suit against two makers of a promissory note, by the executor of the payee, one of the defendants who has confessed judgment is a competent witness for the other defendant to show that the latter was a surety, was known by the plaintiff to be a surety at the time the note was signed, and that at the maturity of the note, the plaintiff, without the knowledge of the surety, for a good consideration granted the principal further time for payment.

2. If a surety fails in a defence taken upon grounds entirely personal to himself, he cannot make the principal pay the costs of the contest.

3. Simpson's Executors *v.* Bovard, 24 P. F. Smith, followed.

ERROR to the Court of Common Pleas of *Lycoming County.*

Assumpsit by John Good, executor of George Good, deceased, against Thomas L. Harinton and Joseph Calvert, upon a promissory note in the following form:

"WILLIAMSPORT, December 4th, 1872.

" Twelve months after date we or either of us promise to pay George Good or order $1100 without defalcation.

"T. L. HARINTON,
"JOSEPH CALVERT."

On the 13th of May, 1879, after a previous trial, and the granting of a new trial, the defendant Harinton confessed judgment.

Upon the trial the jury were sworn to try the issue as to the defendant, Calvert, alone.

The plaintiff offered in evidence his note and rested.

The defendant then called T. L. Harinton, and offered to prove by him:

1st. That Joseph Calvert was surety on the note in suit, and that fact was known to George Good at the time he took the note in suit.

2d. That the money which constituted the consideration of the note offered in evidence by the plaintiff was obtained some time previous to the giving of the note, and at the time T. L. Harinton obtained the last $1500, which was a part of the consideration of the note; at that time it was agreed that T. L. Harinton should get some one as surety for the money loaned to said T. L. Harinton, but no one was obtained as security for the money loaned until some time after the last $500 was loaned, and that the witness saw the note and signed it as drawn by George Good before it was signed by Joseph Calvert as surety.

3d. Defendant proposes to show by the witness on the stand and other witnesses, at the time the note became due,

on the 4th of December, 1873, that it was agreed between T. L. Harinton and George Good, that if he would pay the interest on said note in advance, from time to time, as George Good should demand the payment of the same, that the time of payment of said note should be extended for one year from that date, and that said interest as aforesaid was paid according to the terms of the agreement between George Good and T. L. Harinton, which resulted in the extension of the time of payment of the note in suit, George Good said that they would just let it go and say nothing about it to Calvert, the surety on the note.

4th. That when the note fell due, according to the terms of the extension as specified in paragraph 3d, on the 4th of December, 1874, it was further agreed between George Good and T. L. Harinton that the time of payment of said note should be extended for another year, from the 4th of December, 1874, to the 4th of December, 1875, by said Harinton agreeing to pay George Good the interest in advance, and from time to time in instalments as George Good should call on said Harinton for its payment; that the said contract was carried out and the interest paid, from time to time, as George Good called on said T. L. Harinton for its payment, the last payment being made on the 17th of July, 1875, and that at that date or when the note fell due, according to the second extension, the said George Good said to Harinton that they would say nothing about this agreement to said Calvert as security; if they did he would not remain on the note longer.

5th. Defendant proposes to prove that when the note came due on December 4th, 1873, T. L. Harinton, the maker of the note in suit, was solvent, and the note could have been collected from him, and that he remained solvent and was solvent on the 17th of July, 1875, when the last instalment of interest was paid according to the terms of agreement specified in paragraph 4th, and that the note could have been collected at that date; and that when the note came due on the 4th of December, 1875, according to the terms of extension as agreed upon between Harinton and Good, said T. L. Harinton was insolvent, and that the note could not have been collected from him.

Counsel for plaintiff objected on the ground, *inter alia*, that this action being brought by an executor, the witness being a party to the suit as commenced, a joint maker, and George Good, the opposite party and assignor of the thing in controversy dead, the witness is incompetent to testify of matters occurring in the lifetime of the decedent.

The Court below overruled the objection, and admitted the evidence under exception.

October 12th, 1880, verdict for the defendant, and subsequently judgment.

The plaintiff took out a writ of error, assigning as error, *inter alia*, the ruling of the judge as above set forth.

*Samuel L. Youngman* and *George W. Youngman* for plaintiff in error.

Harinton, the joint promisor and co-defendant of Calvert, the alleged surety in the case, was not a competent witness, both on grounds of interest and policy of law: Simpson's Executor *v.* Bovard, 24 P. F. Smith, 360; Talmage *v.* Burlingame, 9 Barr, 21; Post *v.* Avery, 5 W. & S., 509; Mevy *v.* Matthews, 9 Barr, 112; Ridgway *v.* Longaker, 6 Harris, 219; Swanzey *v.* Parker, 14 Wr., 455; Wolf *v.* Finks, 1 Barr, 441; Scott *v.* Lloyd, 12 Peters, 149; Schermerhorn *v.* Schermerhorn, 1 Wendell, 119; Parke *v.* Bird, 3 Barr, 360.

The proviso of the act of 1869 prevents the operation of that act in actions by or against executors: Karns *v.* Tanner, 16 P. F. Smith, 297; Hanna *v.* Wray, 27 P. F. Smith, 27; Taylor *v.* Kelly, 30 P. F. Smith, 95; Standbridge *v.* Catanach, 2 Norris, 368; Arthurs *v.* King, 3 Norris, 525.

*H. T. Ames* and *Samuel Linn* for defendant in error.

To the general rule that a principal debtor is not a competent witness for a surety in an action against the latter there is a clearly defined exception. When one sets up a defence that the other cannot use or that is personal to himself, the principal is a competent witness: Miller *v.* Stem, 2 Barr, 286; Talmage *v.* Burlingame, 9 Barr, 21; Swanzey *v.* Parker, 14 Wr., 441; Simpson *v.* Bovard, 24 P. F. Smith, 351.

The act of April 15th, 1869, did not change the law on this question: Simpson *v.* Bovard, *supra.*

Per Curiam: It is clear that Harinton was not incompetent on the score of interest. He was no party to the suit on trial. As to him it had been finally ended by his confession of judgment. A verdict for the defendant could not have released him. And though, in general, a verdict against a surety will entitle him to recover besides the debt the costs of suit, it would not be so in the case where the surety has taken defence on a ground entirely personal to him. If he had failed in such a defence he could not make the principal pay the costs of his contest: Simpson's Exrs. *v.* Bovard,

24 P. F. Smith, 351. The other errors assigned were in effect considered and passed upon when this case was here before.

Judgment affirmed.